UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH WILLIAM JUSTICE,

　　　　　　　　Petitioner,　　　　　Case No. 20-cv-12825

v.　　　　　　　　　　　　　　　　Paul D. Borman
　　　　　　　　　　　　　　　　United States District Judge

RANDEE REWERTS,[1]

　　　　　　　　Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

## I.　Introduction

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254.　Michigan prisoner Joseph William Justice ("Petitioner") pleaded guilty to assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, assault with a dangerous weapon, Mich. Comp. Laws § 750.82, subornation of perjury, Mich. Comp. Laws § 750.424b, and first-degree home invasion, Mich. Comp. Laws § 750.110a, in

---

[1]Petitioner is now confined at the Carson City Correctional Facility in Carson City, Michigan.　ECF No. 14.　Consequently, the proper respondent is the warden at that facility, Randee Rewerts, because he has custody of Petitioner.　*See* 28 U.S.C. § 2243; 28 U.S.C. foll. § 2254, Rule 2(a); Fed. R. Civ. P. 81(a)(4).　Accordingly, the Court amends the caption to reflect the proper respondent.

the St. Clair County Circuit Court.  He was sentenced to concurrent terms of 4 to 10 years imprisonment, 1½ to 4 years imprisonment, 4 to 15 years imprisonment, and 10 to 20 years imprisonment on those convictions in 2018.[2]  In his habeas petition, he raises claims concerning the factual basis, sufficiency of evidence, and validity of his plea as to the first-degree home invasion conviction.  For the reasons set forth, the Court denies the petition for a writ of habeas corpus.  The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.    Facts and Procedural History

Petitioner's convictions arise from his violent assault of his estranged wife at his home in Port Huron, St. Clair County, Michigan in July, 2017 and his subsequent conduct of convincing a friend to offer false testimony at his preliminary examination.

Petitioner was initially charged with assault with intent to commit murder, assault with intent to do great bodily harm less than murder, assault with a dangerous weapon, and subornation of perjury.  On April 11, 2018, Petitioner pleaded guilty to assault with intent to do great bodily harm less than murder, assault with a dangerous weapon, subornation of perjury, and first-degree home invasion in exchange for the

---

[2]During the pendency of this case, Petitioner was discharged from the assault with a dangerous weapon sentence.  *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=483423.

dismissal of the assault with intent to commit murder charge, a stipulation to the scoring of the sentencing guidelines, and an agreement that the prosecution would not seek consecutive sentencing on the perjury charge.  ECF No. 7-2.

On May 31, 2018, the trial court sentenced Petitioner, within the stipulated guidelines, to concurrent terms of 4 to 10 years imprisonment on the assault with intent to commit great bodily harm less than murder conviction, 1½ to 4 years imprisonment on the assault with a dangerous weapon conviction, 4 to 15 years imprisonment on the subornation of perjury conviction, and 10 to 20 years imprisonment on the first-degree home invasion conviction.  ECF No. 7-3.

Following his convictions and sentencing, Petitioner moved to withdraw his guilty plea essentially asserting that he felt pressured into entering the plea (by his mother and defense counsel) and that there was no factual basis to support the first-degree home invasion conviction.  On January 10, 2019, the trial court conducted a hearing and denied that motion.  ECF No. 7-4.  Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that he should be allowed to withdraw his plea because there was no factual basis for the first-degree home invasion conviction and it was legally impossible for him to have committed a home invasion in his own home.  The court denied the application "for lack of merit in the grounds presented."  *People v. Justice*, No. 347660 (Mich. Ct. App. April 5,

3

2019); ECF No. 7-5.  Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order.  *People v. Justice*, 504 Mich. 980, 933 N.W.2d 697 (2019); ECF No. 7-6.

Petitioner thereafter filed his federal habeas petition asserting that there was no factual basis to support his first-degree home invasion conviction and no sufficient evidence to support that conviction.  ECF No. 2.  Respondent filed an answer to the petition contending that it should be denied for lack of merit.  ECF No. 6.  Petitioner filed a reply to that answer.  ECF No. 8.

## III.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions.  The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

   "A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002.  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'"

*Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Under § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*; *see also White v. Woodall*, 572 U.S. 415, 419-420 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). A habeas

petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, 576 U.S. 113, 118 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (stating that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-126 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. The requirements of clearly established law are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not

constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief. *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-361 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.   Discussion

Petitioner asserts that he is entitled to habeas relief because his plea to first-degree home invasion is invalid. Specifically, he asserts that his due process rights were violated because there was no factual basis for his first-degree home invasion conviction and the evidence was not sufficient to support it. Respondent contends that such claims lack merit.

Petitioner raised the substance of his habeas claims on direct appeal in the state courts. As discussed, the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Under Michigan law, before a trial court may accept a criminal defendant's plea, "the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." Mich. Ct. R. 6.302(D)(1). The record reflects that the state court complied with this rule by eliciting a factual basis to support the *charged offense* of assault with intent to commit murder. There is no requirement that the Court also elicit a factual basis for the first-degree home invasion offense to which Petitioner pleaded guilty as part of his agreement. Moreover, it is well-established that a violation of a state law procedural rule does not provide a basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Additionally, contrary to Petitioner's claim, there is no federal constitutional requirement that a factual basis be established to support a guilty plea. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may

9

voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."); *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995); *see also Bonior v. Conerly*, 416 F. App'x 475, 478 (6th Cir. 2010) ("[t]here is no constitutional requirement that a trial judge inquire into the factual basis of a plea" and affirming denial of habeas relief). Petitioner thus fails to state a claim upon which habeas relief may be granted as to this issue.

When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly, intelligently, and voluntarily. *United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is aware of the direct consequences of the plea. *Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749.

10

In this case, the state court record of the plea hearing reveals that Petitioner's plea was knowing, intelligent, and voluntary.  Petitioner was 27 years old at the time of his plea, could read and write, and had taken college classes.  ECF No. 7-2, PageID.103.  There is no evidence that he suffered from any physical or mental problems which impaired his ability to understand the criminal proceedings or the plea.  Petitioner was represented by legal counsel, conferred with counsel during the plea proceedings, and indicated that he was satisfied with counsel's representation. *Id*. at PageID.104.  Petitioner was advised that he would be giving up certain rights by pleading guilty, including the requirement that the prosecution prove guilt beyond a reasonable doubt, and confirmed that he understood such matters.  *Id*. at PageID.104-106.

The parties discussed the charges, maximum possible sentences, and the terms of the plea agreement, including the fact that Petitioner would be pleading guilty to first-degree home invasion (and the other undisputed charges) in exchange for the dismissal of the assault with intent to murder charge, certain sentencing guidelines, and the prosecution not seeking consecutive sentencing on the perjury charge.  *Id*. at PageID.99-102.  Petitioner indicated that he understood the plea agreement and confirmed that he wanted to plead guilty to the charges of which he was convicted. *Id*. at PageID.106-107, 113.  He acknowledged that he had not been threatened or

promised anything (other than what was included in the agreement). *Id*. at PageID.107. He also provided a factual basis for the assault charges, including facts to support the charged, but dismissed, offense of assault with intent to commit harm, and the perjury charge. *Id*. at PageID.107-112.

Petitioner is bound by the statements that he made at the plea hearing before the state trial court. *See Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). The fact that Petitioner may have been subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. *See Brady*, 397 U.S. at 757. A defendant is not entitled to withdraw a plea "merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Id*.

By pleading guilty, Petitioner waived his right to challenge the sufficiency of the evidence to convict him of first-degree home invasion (and any of the other offenses to which he pleaded guilty). Any claim that there was insufficient evidence to establish the elements of first-degree home invasion (or any of the other offenses) is foreclosed by his plea. *See Broce*, 488 U.S. at 569; *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001) (unconditional plea waives non-jurisdictional collateral challenge to the sufficiency

of the evidence).  In sum, the record demonstrates that Petitioner's guilty plea was knowing, intelligent, and voluntary and he fails to establish a violation of his due process rights.  Habeas relief is not warranted.

## V.    Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief.  Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Petitioner makes no such showing.  Accordingly, the Court **DENIES** a certificate of appealability.

13

Lastly, the Court concludes an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
United States District Judge

Dated: March 2, 2023

14